United States District Court
Southern District of Texas
**ENTERED**
April 11, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JESUS ANTONIO RANGEL, § § Plaintiff. § § V. § JOHN OR JANE DOE, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:24-cv-00684 |

## OPINION AND ORDER

On February 8, 2024, Plaintiff Jesus Antonio Rangel instituted a negligence action in state court against Defendant Werner Enterprises, Inc. to recover for the injuries he sustained as a result of an April 14, 2022 hit-and-run by a tractor-trailer driver. Werner is the owner of the trailer that was being pulled by the tractor that hit Rangel. In addition to Werner, Rangel also named the unidentified driver of the vehicle that hit him as Defendant Doe.

On February 26, 2024, Werner removed this action to this court on the basis of federal diversity jurisdiction. On July 25, 2024, I entered a Docket Control Order to govern the deadlines in this case. Relevant here, I set a deadline of September 6, 2024, to add new parties. *See* Dkt. 19 at 1.

On February 3, 2025, Werner timely filed a motion for summary judgment. Dkt. 29. Rangel's response to that motion, if any, was due on February 24, 2025. On February 24, 2025, Rangel did not file a response to Werner's motion for summary judgment. Rather, Rangel filed a First Amended Complaint, purporting to substitute 3RM Services, LLC—the company that Werner contracted with to transport Werner's trailer, and that hired the driver of the tractor that was pulling Werner's trailer at the time of the hit-and-run—as a Doe defendant. *See* Dkt. 32 at 1. Rangel did not request leave of court to add a new party. In his First Amended Complaint, Rangel also purports to add four new causes of action against Werner:

(1) fraudulent concealment of material facts and equitable estoppel, (2) negligent selection and hiring of 3RM, (3) non-delegable duty, and (4) joint enterprise.

On February 25, 2025, Rangel filed Plaintiff's Motion for Continuance, Objections to Defendant Werner's Summary Judgment Evidence, and Response to Defendant Werner Enterprises, Inc.['s] Motion for Summary Judgment. Dkt. 33. On March 7, 2025, I entered an Opinion and Order (1) finding Rangel's First Amended Complaint (Dkt. 32) untimely and striking it from the record; (2) denying Rangel's Motion for Continuance (Dkt. 33); and (3) granting Werner's Motion for Summary Judgment (Dkt. 29). *See* Dkt. 35 at 9. I entered a final judgment in this case on March 7, 2025. *See* Dkt. 36.

On April 4, 2025, Rangel filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Remand to State Court or in the Alternative Motion for Leave to File Plaintiff's First Amended Complaint or in the Alternative, Motion for New Trial. Dkt. 37. That motion is denied to the extent that Rangel believes 3RM, an ostensibly nondiverse defendant,[1] may be substituted or added as a party at this late stage. But the motion is granted insofar as Rangel's First Amended Complaint was indeed timely filed. In the interest of judicial economy, I will deny Werner's original summary judgment motion without prejudice so that we can address all the claims raised in the First Amended Complaint in one fell swoop.[2]

---

[1] Rangel alleges that "3RM Services LLC is a company based in Texas and does business in Texas." Dkt. 32 at 2. These allegations are irrelevant to establishing an LLC's citizenship. *See Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 660 (5th Cir. 2024) (remanding a case that had proceeded through trial to the district court because diversity of citizenship was not evident in the court's record). The citizenship of a limited liability entity is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009). Under this standard, Rangel has not alleged 3RM's citizenship. Even so, I will assume without deciding that, *if added*, 3RM would destroy diversity jurisdiction. As discussed below, 3RM cannot be added to this litigation.

[2] I will not penalize Rangel for timely filing an amended pleading simply because Werner filed a motion for summary judgment more than two months in advance of the dispositive

## RANGEL'S ATTEMPT TO ADD 3RM AS A PARTY

I previously found that Rangel's First Amended Complaint, filed on Monday, February 24, 2025, was untimely. *See* Dkt. 35 at 2. Yet, as Rangel points out, the February 23, 2025 deadline to amend pleadings fell on a Sunday, which means the deadline ran through the following Monday, making Rangel's First Amended Complaint timely. *See* Dkt. 37 at 2–3. That Rangel's First Amended Complaint was timely does not, however, make Rangel's attempt to add a new party timely. To the contrary, Rangel's attempt to add a new party is both untimely and futile.

As stated in the Docket Control Order, "[a]fter expiration of [the deadline to add new parties], a party seeking to add a new party must file a motion for leave demonstrating both good cause and excusable neglect in accordance with Fed. R. Civ. P. 6(b)(1)(B)." Dkt. 19 at 1. Rangel has filed no such motion. "[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals."). Accordingly, while Rangel's First Amended Complaint is timely, his attempt to add 3RM is a nullity.

Even if I were to consider Rangel's motion for continuance as a motion for leave, I would still deny his request to add 3RM to this litigation. When a deadline has passed, I "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The Supreme Court has articulated four non-exhaustive factors to consider when determining whether neglect was excusable: (1) "the danger of

---

motion deadline. The Docket Control Order "put both parties on notice of potential amendments." *Edwards v. Tristar Prods., Inc.*, No. 1:18-cv-27, 2019 WL 1028526, at *2 (N.D. Miss. Mar. 4, 2019) (denying defendant's motions for summary judgment, filed before the extended deadline to amend pleadings, without prejudice as moot).

prejudice" to the opposing party, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993); *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (reiterating the standard articulated in *Pioneer*). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances." *Nelson*, 17 F.4th at 525 (quotation omitted).

Each of these four factors weighs against allowing Rangel to add 3RM as a party. Rangel admits in the First Amended Complaint that Werner identified 3RM on June 7, 2024. *See* Dkt. 32 at 4. Rangel complains that Werner "failed to disclose 3RM . . . in its Initial Disclosures." *Id*. But that does nothing to change the fact that Rangel knew that 3RM was a potential party for 262 days before amending his pleadings. This inexcusable delay is fatal to Rangel's attempt to add 3RM.

To the extent Rangel would argue that he is not *adding* a new party, but merely substituting 3RM as the Doe defendant, that argument fails as a matter of fact and law. As a matter of fact, it is just wrong. In his Original Petition, Rangel identified "Defendant, John, or Jane Does [a]s an unknown *male or female* who was operating Defendant, Werner Enterprises, Inc.'s commercial trailer at the time of the motor vehicle collision in Harris County, Texas." Dkt. 1-2 at 1 (emphasis added). 3RM—a creation of law, not nature—is neither male nor female. Thus, Rangel is indeed attempting to add a new party after the deadline.

But even if I treat Rangel's attempt to add 3RM as a substitution that falls outside the deadline to add new parties, substituting 3RM as the Doe defendant would still be futile. The statute of limitations on Rangel's claim against 3RM expired on April 14, 2024—two years after the April 14, 2022 accident. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) ("Texas has a two[-]year statute of limitations for personal injury claims."). "[U]nless exceptions created by estoppel, equitable tolling, or relation back doctrine applied, [Rangel's]

4

claims against [3RM] would be futile because the two-year statute of limitations had run as of the time [Rangel filed the First Amended Complaint]." *Crostley v. Lamar County*, 717 F.3d 410, 419 (5th Cir. 2013).

Rangel believes "[r]elation back applies in this lawsuit." Dkt. 32 at 5. But "Rule 15(c)³ does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998) (quotation omitted) (holding that "relation back should not be allowed" when addressing "whether, in order to prevent a time-bar, an amendment to substitute a named party for a 'John Doe' defendant may relate back under amended Rule 15(c)(3)"). Rangel admits the only reason he did not name 3RM sooner is because its identify "was unknown" to him. Dkt. 32 at 4. Thus, it would be futile to allow Rangel to add 3RM at this point. *See Crostley*, 717 F.3d at 422 ("Therefore, the bar created by the statute of limitations for a claim against [3RM] means that an amendment adding [it] as a defendant would indeed be futile.").

Rangel argues that his "cause of action against 3RM was not subject to a statute of limitations defense based on Relation Back Doctrine applied under Texas State law, and tolling of limitations based on the fraudulent concealment of material facts and equitable estoppel." Dkt. 37 at 3. I will assume, for the sake of argument, that Werner fraudulently concealed 3RM's identity by not identifying 3RM when Werner answered Rangel's petition on February 23, 2024. Even so, Rangel admits that Werner disclosed 3RM's identity on June 7, 2024. Thus, even if Werner fraudulently concealed 3RM's identity by not disclosing it when Werner

---

³ Relevant here, the Federal Rules of Civil Procedure allow an amendment that changes the name of a party to relate back to the date of the original pleading when (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) "the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits"; *and* (3) the party to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(B)–(C).

filed its answer, that delay tolled the statute of limitations for, at most, 105 days. Yet, Rangel waited 262 days before identifying 3RM as a party. That Rangel's own delay in adding 3RM, once he knew of its identity, far exceeds any tolling due to Werner's conduct is fatal to Rangel's attempt to add 3RM now.

## CONCLUSION

For the reasons discussed above, Rangel's April 4, 2025 motion (Dkt. 37) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted to the extent that I find Rangel's First Amended Complaint (Dkt. 32) was timely filed. In all other respects, including the addition of 3RM as a party, the motion is denied.

Because 3RM cannot be added as a party to this litigation, Rangel's Motion for Continuance (Dkt. 33) is **DENIED AS MOOT**.

The Clerk is directed to (1) **REINSTATE** Rangel's First Amended Complaint (Dkt. 32) on the docket, and (2) **WITHDRAW** the court's March 7, 2025 Opinion and Order (Dkt. 35) and Final Judgment (Dkt. 36).

Werner's Motion for Summary Judgment (Dkt. 29) is **DENIED AS MOOT** without prejudice to refiling.

The new dispositive motion deadline is <u>Wednesday, April 30, 2025</u>.

SIGNED this 11th day of April 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE