United States District Court
Southern District of Texas
**ENTERED**
June 05, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JESUS ANTONIO RANGEL, § § Plaintiff. § § v. § JOHN OR JANE DOE, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:24-cv-00684 |

## OPINION AND ORDER

Plaintiff Jesus Antonio Rangel brings this personal injury action against Defendant Werner Enterprises, Inc. to recover for the injuries he sustained as a result of an April 14, 2022 hit-and-run by a tractor-trailer driver. Werner is the owner of the trailer that was being pulled by the tractor that hit Rangel. 3RM Services, LLC was the carrier hired by Werner to transport its trailer. John or Jane Doe, the individual driving the tractor, has not been identified.

Pending before me is Werner's Amended Motion for Summary Judgment. *See* Dkt. 41. Rangel has not responded to Werner's motion. Having reviewed the motion, the summary judgment record, and the applicable law, I find that Werner is entitled to summary judgment on all claims.

### SUMMARY JUDGMENT STANDARD

"Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019); *see also* FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). In determining whether a fact issue exists, I "view the facts and the

inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Com. & Indus. Ins. Co. v. Grinnell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002). "In determining whether there is a genuine dispute as to any material fact, [I] must consider all of the evidence in the record, but [I] do not make credibility determinations or weigh the evidence." *Austin v. Will-Burt Co.*, 361 F.3d 862, 866 (5th Cir. 2004).

"Summary judgment should be granted where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *In re Deepwater Horizon*, 48 F.4th 378, 382 (5th Cir. 2022) (quotation omitted). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (quotation omitted). When a party "fails to properly address another party's assertion of fact . . . , the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3).

## ANALYSIS

The operative pleading is the First Amended Complaint. *See* Dkt. 32. In that pleading, Rangel purports to assert eight claims against Werner: (1) vicarious liability; (2) negligence as carrier; (3) negligent selection and hiring of 3RM; (4) breach of non-delegable duty as a motor carrier; (5) joint enterprise liability with 3RM; (6) failure to produce evidence of financial responsibility; (7) fraudulent concealment of material facts and equitable estoppel; and (8) gross negligence. I will address each claim in turn.

A.  **VICARIOUS LIABILITY**

Rangel seeks to hold Werner vicariously liable for Doe's negligence under the respondeat superior doctrine. "Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, although the principal or employer has not personally committed a wrong." *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). Thus, to hold Werner vicariously liable for Doe's negligence, Rangel must prove that Doe was acting in the course and scope of Doe's employment with Werner. Yet, the record conclusively establishes that Werner did not employ Doe. *See* Dkt. 41-2 at 2 ("Werner was not the motor carrier transporting the load nor was it the owner of the tractor or the employer of John or Jane Doe."). Because Rangel did not respond to Werner's motion, it is undisputed that Werner was not the owner of the tractor nor the employer of Doe. *See* Fed. R. Civ. P. 56(e)(2). Accordingly, Werner is entitled to summary judgment on Rangel's claim that Werner is vicariously liable for Doe's negligence under the doctrine of respondeat superior.

B.  **NEGLIGENCE AND BREACH OF NON-DELEGABLE DUTY AS CARRIER**

Rangel alleges that Werner (1) was negligent as a motor carrier and (2) breached a non-delegable duty owed as a motor carrier. Yet, the record conclusively establishes that Werner was acting only as a broker and not a carrier for the transaction at issue. *See* Dkt. 41-2 at 2 ("Werner was not the motor carrier transporting the load."); Dkt. 41-3 (the Broker-Carrier Agreement between Werner and 3RM establishes that Werner was a broker only, not a carrier). Because Rangel did not respond to Werner's motion, it is undisputed that Werner was not the motor carrier transporting the load for the transaction at issue. *See* Fed. R. Civ. P. 56(e)(2). Accordingly, Werner is entitled to summary judgment on Rangel's claims that it was negligent as a carrier and that it breached a non-delegable duty as a motor carrier.

### C.   NEGLIGENT HIRING AND SELECTION

Rangel asserts that Werner was negligent in its selection and hiring of 3RM as a carrier. Werner advances three arguments why this claim should fail. First Werner argues that, to the extent this cause of action requires that Werner employed 3RM, Werner's "status as a broker for the shipment does not make [3RM] or [Doe] an employee of Werner." *Crocker v. Morales-Santana*, 854 N.W.2d 663, 672 (N.D. 2014). Second, Werner argues that, to the extent this cause of action does not require an employment relationship between 3RM and Werner, it is preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). *See* 49 U.S.C. § 14501(c)(1). Finally, Werner points out that "Rangel has failed to present any evidence supporting" his negligent selection claim. Dkt. 41 at 10. The latter of these arguments is the only one I need address.

Because Rangel has not responded to Werner's motion, there is no evidence in the summary judgment record to support any negligence claim against Werner.[2] Accordingly, Werner is entitled to summary judgment on Rangel's negligent hiring/selection claim.

### D.   JOINT ENTERPRISE LIABILITY

Rangel alleges that Werner and 3RM are jointly liable under a joint enterprise theory of liability. The four elements of a joint enterprise are

> (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

*Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000). Werner concedes the first two elements but contends that there is no evidence in the summary judgment record to show a community of pecuniary interest or an equal right to a

---

[2] The lack of any evidence of negligence in the summary judgment record is a separate and independent basis for granting summary judgment on Rangel's claims against Werner as a motor carrier, discussed in the preceding section, as well as Rangel's claim for gross negligence.

voice in the direction of the enterprise. Finding no such evidence in the summary judgment record, Werner is entitled to summary judgment on this claim as well.

E. **FAILURE TO PRODUCE EVIDENCE OF FINANCIAL RESPONSIBILITY**

Rangel alleges that Werner has "not provided evidence of financial responsibility as required by TEX. TRANSP. CODE § 601.053," and asks me to allow him "to take the next step with the Texas Department of Public Safety ('DPS') to suspend [Werner's vehicle registrations] if a judge or jury finds them liable for all or any part of Plaintiff's damages." Dkt. 32 at 19. Werner argues that "[t]his cause of action/theory is contingent upon a judge or jury finding Werner liable for all or any part of [Rangel]'s damages, and, as explained in this Motion, Werner cannot be held liable as a matter of law." Dkt. 41 at 13. I need not address this argument because the summary judgment record conclusively establishes that "Werner produced the Certificate of Liability Insurance for 3RM, the party that would actually be responsible for the alleged incident, along with its Objections and Responses to Plaintiff's First Requests for Production." *Id.*; *see also* Dkt. 41-4 at 20. Finding no genuine issue of material fact on this claim, Werner is entitled to summary judgment.

F. **FRAUDULENT CONCEALMENT AND EQUITABLE ESTOPPEL**

Rangel alleges that Werner "should be estopped from any attempt to remove itself from this lawsuit based on fraud and concealment of material facts," or alternatively, that Werner "should be held liable for the actions of Defendant 3RM Services, LLC and Defendant Driver John or Jane Doe's negligence, gross negligence and negligence per se since Defendant Werner Enterprises concealed the identity of its contractual partner and co-carrier, 3RM Services, LLC and Defendant Driver John or Jane Doe[.]" Dkt. 32 at 19–20.

"[F]raudulent concealment and equitable estoppel represent distinct (although kindred) defenses to limitations claims." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 632 (5th Cir. 1985). Werner is the only party to this action and

has not asserted any limitations on Rangel's claims. Rather, Rangel has failed to create a genuine dispute of material fact as to any of his claims against Werner.

As to Rangel's claims against 3RM, I have already held that Rangel cannot assert claims against 3RM:

> [E]ven if Werner fraudulently concealed 3RM's identity by not disclosing it when Werner filed its answer, that delay tolled the statute of limitation for, at most, 105 days. Yet, Rangel waited 262 days before identifying 3RM as a party. That Rangel's own delay in adding 3RM, once he knew of its identity, far exceeds any tolling due to Werner's conduct is fatal to Rangel's attempt to add 3RM now.

Dkt. 38 at 5–6. This argument applies with equal force to Rangel's claims against the still unidentified Doe driver. Accordingly, Rangel's attempt to keep his time-barred claims against non-party 3RM and the unidentified Doe driver alive through Werner fails.

## CONCLUSION

For the reasons discussed above, Werner's Amended Motion for Summary Judgment (Dkt. 41) is granted. I also dismiss Defendant John or Jane Doe. *See* Fed. R. Civ. P. 4(m) (authorizing dismissal of case without prejudice if service of summons and complaint is not timely made upon defendant).[3]

A final judgment will issue separately.

SIGNED this 5th day of June 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] Rangel filed this action on February 26, 2024. Rangel has known the identity of John or Jane Doe's employer, 3RM, for a year. *See* Dkt. 32 at 4 (Werner identified 3RM on June 7, 2024). To date, however, Rangel has not identified John or Jane Doe "with enough specificity to enable the Court to direct service of process." *Welsh v. Lubbock County*, No. 5:19-cv-00255, 2022 WL 18860923, at *2 (N.D. Tex. Dec. 12, 2022) (dismissing unknown defendant under Rule 4(m)).