United States District Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS ANTONIO RANGEL, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-00684 |
| | § | |
| JOHN OR JANE DOE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER TO SHOW CAUSE

Pending before me is Plaintiff's Second Motion for New Trial.[1] *See* Dkt. 45. For the reasons discussed below, that motion is denied. Plaintiff's counsel, however, are ordered to appear before me at a hearing to show cause why they should not be sanctioned or referred to the chief judge for disciplinary proceedings. *See* S.D. Tex. LR, App'x A, Rule 6(A) (Aug. 18, 2023).

On April 30, 2025, Defendant Werner Enterprises, Inc. filed an Amended Motion for Summary Judgment. *See* Dkt. 41. Werner filed this motion pursuant to my April 11, 2025 Opinion and Order setting a new dispositive motion deadline of April 30, 2025. *See* Dkt. 38. Plaintiff's response to Werner's motion for summary judgment was due on May 21, 2025. Plaintiff never responded to Werner's motion for summary judgment. On June 3, 2025, Plaintiff filed a Second Amended Designation of Expert Witness List, *see* Dkt. 42, but still did not respond to Werner's motion for summary judgment. At 9:00 am sharp on the morning of June 5, 2025, I entered an Opinion and Order granting the motion for summary judgment. *See* Dkt. 43. At 9:31 am, I entered a final judgment. *See* Dkt. 44. At 9:56 am, shortly after these documents were entered on the court's docket, my case

---

[1] Plaintiff's motion for a new trial is really a Rule 59(e) motion to alter or amend judgment and I will construe it as such.

manager received a call from Plaintiff's attorney, Gwen Wiesen, stating that she never received notice that a motion for summary judgment was even pending.

At 3:28 pm on June 5, 2025, Ms. Wiesen filed a Second Motion for New Trial. *See* Dkt. 45. In support of this motion, Ms. Wiesen attached an affidavit, executed under penalty of perjury, stating the following:

> 2. My Notice of Appearance and Designation of Lead Counsel was filed on February 6, 2025. . . . [O]n February 6, 2025, I started receiving copies of all filings via CM/ECF to my service email address at e-service_gwen@marcoslaw.com. After . . . April 11, 2025, I never received any further notices from the Court via the CM/ECF system. . . .
>
> 3. On June 3, 2025, Plaintiff filed the Amended Designation of Expert Witness List . . . . I had no knowledge that Defendant Werner had filed a Motion for Leave to file an Amended Answer, that the Court granted the Motion for Leave, that Defendant Werner filed an Amended Motion for Summary Judgment. Only on June 5, 2025, while reviewing the docket sheet, I learned of the above filings, and that the Court granted Defendant Werner's Motion for Summary Judgment . . . .
>
> 4. Today, when I reviewed the Docket Sheet, I saw that I was mistakenly identified as Lead Counsel but with my prior employment with McDonald Worley LLC and at the expired email address at McDonald Worley and that the Final Judgment was also sent to an expired 10-year-old email address. I also saw that Jason D. Goff with Law Offices of Marcos & Associates PC was mistakenly identified as Lead Counsel, and his email address was listed. As of February 6, 2025, I became the attorney of record and lead counsel. Further, I saw that Jerry Christopher Von Sternberg was listed as Lead Counsel, and his email address was listed. Mr. Von Sternberg was no longer with the Law Offices of Marcos & Associates PC when I became the attorney of record and lead counsel.
>
> 5. I do not receive any copies of emails sent to Mr. Goff, Mr. Von Sternberg, sent to the expired email address for McDonald Worley LLC or sent to the expired email address of lee@lawgwen.com. I never received notice of any of the documents filed after April 11, 2025, other than when Plaintiff filed Plaintiff's Second Amended Designation of Expert Witnesses.

> 6. Today, I went on Pacer[2] to review my information. I saw that there was no email address listed on Pacer under my name. I have since updated everything on Pacer.
>
> 7. I had no reason to believe that I would be excluded from receiving communications to my current email address . . . , which was the same email address provided when the Notice of Appearance and Designation of Lead Counsel was filed on February 6, 2025, and was the same email address provided when the District Clerk's office reopened the case.

Dkt. 45 at 6–8.

There are several problems with the statements in Ms. Wiesen's affidavit, starting with her assertion that, from February 6, 2025, through April 11, 2025, she received copies of all filings via CM/ECF at e-service_gwen@marcoslaw.com. The Notices of Electronic Filings ("NEFs")—the official record of the court[3]—generated between those dates show that no notice was ever sent to e-service_gwen@marcoslaw.com. Rather, the notices sent between February 6, 2025, and April 11, 2025—when Ms. Wiesen claims she still received notices in this case—were sent to gtipton@mcdonaldworley.com and lee@lawgwen.com:[4]

---

[2] PACER refers to the Public Access to Court Electronic Records system.

[3] "When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed. A document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing issued by the Court." S.D. Tex. Admin. P. for Elec. Filing in Civil and Crim. Cases, R. 3(B) (Jan 1, 2007), https://www.txs.uscourts.gov/sites/txs/files/admcvcrproc.pdf.

[4] The NEFs for Dkts. 30–32 do not show that notice was mailed to any address associated with Ms. Wiesen. Docket entries 30 and 31 were Notices of Appearance for Ms. Wiesen, filed by Jason Goff. Docket entry 32 was Ms. Wiesen's first filing in this case, which may explain why the system did not reflect any notices for her until the next filing, Dkt. 33, on February 25, 2025. The important thing is that Ms. Wiesen claims to have received notices between February 6 and April 11, 2025, even though the system shows those notices were sent to email addresses that Ms. Wiesen claims were expired and unavailable to her.

3

**Notice of Electronic Filing**

The following transaction was entered by Tipton, Gwen on 2/25/2025 at 8:16 PM CST and filed on 2/25/2025
**Case Name:**       Rangel v. Doe et al
**Case Number:**     4:24-cv-00684
**Filer:**           Jesus Antonio Rangel
**Document Number:** 33

**Docket Text:**
First RESPONSE to [29] MOTION for Summary Judgment filed by Jesus Antonio Rangel. (Attachments: # (1) Exhibit !-3) (Tipton, Gwen)

**4:24-cv-00684 Notice has been electronically mailed to:**

Bernabe George Sandoval , III    treysandoval@mehaffyweber.com, EDocket@MehaffyWeber.com, naomicastillo@MehaffyWeber.com

Gwen Wiesen Tipton    gtipton@mcdonaldworley.com, lee@lawgwen.com

Jason D Goff    e-service_jason@marcoslaw.com

Jerry Christopher Von Sternberg    jerryvs1964@gmail.com

Paul R Heyburn    paulheyburn@mehaffyweber.com, EDocket@MehaffyWeber.com, MichaelGibson@MehaffyWeber.com, naomicastillo@mehaffyweber.com

---

**Notice of Electronic Filing**

The following transaction was entered by Sandoval, Bernabe on 3/4/2025 at 6:18 PM CST and filed on 3/4/2025
**Case Name:**       Rangel v. Doe et al
**Case Number:**     4:24-cv-00684
**Filer:**           Werner Enterprises, Inc.
**Document Number:** 34

**Docket Text:**
REPLY to [33] Response to Motion *for Summary Judgment*, filed by Werner Enterprises, Inc.. (Sandoval, Bernabe)

**4:24-cv-00684 Notice has been electronically mailed to:**

Bernabe George Sandoval , III    treysandoval@mehaffyweber.com, EDocket@MehaffyWeber.com, naomicastillo@MehaffyWeber.com

Gwen Wiesen Tipton    gtipton@mcdonaldworley.com, lee@lawgwen.com

Jason D Goff    e-service_jason@marcoslaw.com

Jerry Christopher Von Sternberg    jerryvs1964@gmail.com

Paul R Heyburn    paulheyburn@mehaffyweber.com, EDocket@MehaffyWeber.com, MichaelGibson@MehaffyWeber.com, naomicastillo@mehaffyweber.com

---

**Notice of Electronic Filing**

The following transaction was entered on 3/7/2025 at 11:05 AM CST and filed on 3/7/2025
**Case Name:**       Rangel v. Doe et al
**Case Number:**     4:24-cv-00684
**Filer:**
**Document Number:** 35

**Docket Text:**
OPINION AND ORDER. "Rangel's First Amended Complaint (Dkt. 32) is struck from the record. Rangel's Motion for a Continuance (Dkt. 3 notified. (rrc3)

**4:24-cv-00684 Notice has been electronically mailed to:**

Bernabe George Sandoval , III    treysandoval@mehaffyweber.com, EDocket@MehaffyWeber.com, naomicastillo@MehaffyWeber.com

Gwen Wiesen Tipton    gtipton@mcdonaldworley.com, lee@lawgwen.com

Jason D Goff    e-service_jason@marcoslaw.com

Jerry Christopher Von Sternberg    jerryvs1964@gmail.com

Paul R Heyburn    paulheyburn@mehaffyweber.com, EDocket@MehaffyWeber.com, MichaelGibson@MehaffyWeber.com, naomicastillo@mehaffyweber.com



Dkts. 33–38 (highlighting added). Accordingly, it simply cannot be true that Ms. Wiesen received notice of activity in this case *via* CM/ECF from February 6 to April 11, 2025, at e-service_gwen@marcoslaw.com. Whether Ms. Wiesen may have received notice through some other electronic platform is not this court's concern.

The Attorney Admissions page for the Southern District of Texas states:

> Attorneys who fail to update their contact information (including email address) may not receive notice of renewal dates, case hearings, trial dates or any other notice generated by the automated systems. Our district is a NextGen CM/ECF court, so all contact information should be updated through the attorney's individual PACER account under Manage My Account login. Check the appropriate box to apply changes to the Southern District of Texas and submit.

*Attorney Admissions Requirements*, U.S. Dist. & Bank. Ct., S. Dist. of Tex., https://www.txs.uscourts.gov/page/attorney-admissions-requirements (last visited June 9, 2025). This instruction makes clear that it is each attorney's responsibility to keep their email address(es) current in PACER. Ms. Wiesen has not done this.

PACER keeps a log of all changes that a filer like Ms. Wiesen makes to her profile. The Clerk's office has confirmed Ms. Wiesen's statement that she changed her email address to e-service_gwen@marcoslaw.com on June 5, 2025. PACER shows that Ms. Wiesen made this change at 10:16:09 on June 5, 2025. But this was the *first* time that Ms. Wiesen added e-service_gwen@marcoslaw.com to her PACER profile. The last time Ms. Wiesen updated her PACER profile before June 5, 2025, was at 17:00:32 on October 2, 2024, when she updated her profile to reflect her employment with McDonald Worley LLC, and changed her address to 1770 St. James Pl, Ste 100, Houston, Texas 77056. And the last time Ms. Wiesen updated her email address before June 5, 2025, was at 11:10:31 on November 11, 2021, when she updated her email address to gtipton@mcdonaldworley.com.[6] In other words, despite it being her responsibility to ensure that a current and correct

---

[6] Despite ostensibly working for McDonald Worley since at least 2021, when she added gtipton@mcdonaldworley.com to her court profile, Ms. Wiesen did not update her employer and contact information with the court until nearly three years later. Even now Ms. Wiesen has not seen fit to keep her employment and contact information current in PACER. Despite updating her email to reflect her employment at The Law Offices of Marcos & Associates, PC, Ms. Wiesen's PACER profile and the docket sheet for this case both show McDonald Worley as Ms. Wiesen's employer, and McDonald Worley's address as Ms. Wiesen's contact address.

6

email address is associated with her PACER account, the first time that Ms. Wiesen updated her PACER profile with e-service_gwen@marcoslaw.com was *after* she realized that judgment had been entered against her client following her failure to respond to a dispositive motion.

Not only has Ms. Wiesen failed to keep her PACER profile current and correct, Ms. Wiesen's membership in the bar of the Southern District of Texas is expired. Her membership expired on January 6, 2025. *See In re Attorney Admissions*, No. 4:00-mc-27785 (S.D. Tex. Mar. 7, 2025). That means that every action (and inaction) Ms. Wiesen has taken in this case since she first had Mr. Goff file her notices of appearance was in violation of this court's rules and procedures.[7] Ms. Wiesen was notified as recently as June 4, 2025, that her membership to the Southern District of Texas has expired. *See In re Attorney Admissions*, No. 4:00-mc-27785 (S.D. Tex. June 4, 2025), ECF No. 15. That notice, however, was sent to gtipton@mcdonaldworley.com, the last email address that Ms. Wiesen added to her PACER profile. I find these lapses in professional obligations troubling.

Equally troubling is Ms. Wiesen's statement that she "never received notice of any of the documents filed after April 11, 2025, *other than when Plaintiff filed Plaintiff's Second Amended Designation of Expert Witnesses*." Dkt. 45 at 8 (emphasis added). To the extent Ms. Wiesen is suggesting that she received an NEF when she filed Plaintiff's Second Amended Designation of Expert Witnesses (Dkt. 42), the system shows such notice was sent only to the two email addresses to which Ms. Wiesen claims to no longer have access:

---

[7] The Clerk's office has repeatedly explained to attorneys that they must file their own notices of appearance and should not have someone else do it on their behalf.

> **Notice of Electronic Filing**
>
> The following transaction was entered by Tipton, Gwen on 6/3/2025 at 6:04 PM CDT and filed on 6/3/2025
> **Case Name:**      Rangel v. Doe et al
> **Case Number:**    4:24-cv-00684
> **Filer:**          Jesus Antonio Rangel
> **Document Number:** 42
>
> **Docket Text:**
> Amended DESIGNATION OF EXPERT WITNESS LIST by Jesus Antonio Rangel, filed. (Tipton, Gwen)
>
> 4:24-cv-00684 Notice has been electronically mailed to:
>
> Bernabe George Sandoval , III    treysandoval@mehaffyweber.com, EDocket@MehaffyWeber.com, naomicastillo@MehaffyWeber.com
>
> Gwen Wiesen Tipton    gtipton@mcdonaldworley.com, lee@lawgwen.com
>
> Jason D Goff    e-service_jason@marcoslaw.com
>
> Jerry Christopher Von Sternberg    jerryvs1964@gmail.com
>
> Paul R Heyburn    paulheyburn@mehaffyweber.com, EDocket@MehaffyWeber.com, MichaelGibson@MehaffyWeber.com, naomicastillo@mehaffyweber.com

Dkt. 42 (highlighting added).

To the extent Ms. Wiesen is suggesting that she had notice of the filing of Plaintiff's Second Amended Designation of Expert Witnesses only because she is the one who filed the document, that raises a different but equally disconcerting problem. The implication of Ms. Wiesen's affidavit is that she did not review the docket sheet for nearly two months—from April 11, 2025, through June 5, 2025—despite admittedly receiving notice that the new dispositive motion deadline was April 30, 2025 (Dkt. 38), and despite filing a document in this case on June 3, 2025 (Dkt. 42), two days *before* I granted Werner's motion for summary judgment. Either Ms. Wiesen received an NEF when she filed Plaintiff's Second Amended Designation of Expert Witnesses, meaning she *was* receiving notices in this case after April 11, 2025, or she did *not* receive an NEF, which should have alerted her to a problem with receiving electronic service in this case.[8]

---

[8] "Electronic transmission of a document to the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing issued by the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and constitutes entry of the document on the docket kept by the Clerk of Court under Fed. R. Civ. P. 58 and 79." S.D. Tex. Admin. P. for Elec. Filing in Civil and Crim. Cases, R. 3(A) (Jan 1, 2007), https://www.txs.uscourts.gov/sites/txs/files/admcvcrproc.pdf. Because a document is not considered filed until transmission of the NEF, failure to receive an NEF should have made Ms. Wiesen question whether Plaintiff's Second Amended Designation of Expert Witnesses had been filed and thus served upon Werner.

The Fifth Circuit has repeatedly held that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion [to alter or amend judgment]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Dillion*, 2024 WL 4589799, at *3 ("[Plaintiff] did not oppose [Defendant's dispositive motion] because his counsel violated district-court orders and local rules pertaining to the court's CM/ECF System—things uniquely within [Plaintiff]'s and his counsel's reasonable control. That cannot sustain a Rule 59(e) motion." (quotation omitted)); *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) ("[Plaintiff]'s counsel was plainly in the best position to ensure that his own email was working properly—certainly more so than either the district court or [the defendant]. Moreover, [Plaintiff]'s counsel ***could have checked the docket after the agreed deadline for dispositive motions had already passed***." (emphasis added)); *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) ("Failure to file a response to a motion to dismiss is not a manifest error of law or fact. Nor is it a manifest error to deny relief when failure to file was within Plaintiffs' counsel's 'reasonable control.'"); *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 427 (5th Cir. 2015) (rejecting the argument that "failure to update the email address on file with the Southern District of Texas is a mistake warranting [relief from judgment]"); *cf. Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."). The court's own records demonstrate that any failure to receive notices in this case and respond accordingly was entirely within Ms. Wiesen's reasonable control. This is reason enough to deny Plaintiff's motion to alter or amend judgment.

Unfortunately, even if I assume for the sake of argument that Ms. Wiesen did not receive notices in this case due to reasons beyond her control (i.e., a

9

technical glitch on the court's end)—an impossibility according to the court's records—there is yet another reason to deny Plaintiff's motion to alter or amend judgment. It appears from this court's docket that there are two other attorneys—Jason Goff and Jerry Von Sternberg—who have appeared on Plaintiff's behalf and received all notices in this case but have not seen fit to either diligently represent Plaintiff or withdraw themselves from this matter. It is especially troubling that Mr. Goff has not responded on Plaintiff's behalf as he works at the same firm as Ms. Wiesen.

Accordingly, it is ordered that **_all_** of Plaintiff's counsel of record—Gwen Wiesen, Jason Goff, and Jerry Von Sternberg—appear before me on June 18, 2025, at 9:30 am in Courtroom 8B, at the Bob Casey United States Courthouse, 515 Rusk Street, Houston, Texas, to show cause why they should not be sanctioned and/or referred to the chief judge for disciplinary proceedings. Defense counsel may appear in person or remotely. Additionally, Ms. Wiesen is ordered to personally provide a copy of this order to Plaintiff, to Mr. Goff, and to Mr. Von Sternberg, and to file three separate confirmations of each of these three individuals' receipt of this order.

SIGNED this 9th day of June 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE